UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AWAZ AHMED and ABDULRAZAK AMIN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　　　　Defendant. | Case No.: 22cv0142 DMS (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES** |

On July 19, 2019, Plaintiffs purchased a new 2019 Land Rover Range Rover Sport HST from Land Rover San Diego for a total sales price of $99,684.25. (Compl. ¶9.) Plaintiffs allege Defendant Jaguar Land Rover North America, LLC "expressly warranted the Vehicle would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the Vehicle had defects, Defendant JLRNA would repair the defects." (*Id.* ¶10.) Plaintiffs also allege Defendant "impliedly warranted that the Vehicle would be of the same quality as similar vehicles sold in the trade and that the Vehicle would be fit for the ordinary purposes for which similar vehicles are used." (*Id.* ¶11.)

Over the next two years, Plaintiffs brought the vehicle in to the dealership six different times for repairs.[1]  At the last of those visits, the vehicle had 9,240 miles on the odometer.  In total for all six visits, the vehicle was in for repairs for 25 days.

After the third repair visit, Plaintiffs requested that Defendant repurchase the vehicle under California's Song-Beverly Warranty Act ("the Act").  Defendant refused, and instead offered Plaintiffs a $1,200 cash settlement in exchange for a release of all claims based on Plaintiffs' repair history.  Plaintiffs refused that offer.

After bringing the vehicle in for the three additional repairs, Plaintiffs filed a complaint against Defendant and Hoehn JLR, Inc. in San Diego Superior Court alleging claims against Defendant under the Act and a negligent repair claim against Hoehn.  Both Defendants filed answers, and Defendants also filed a motion to compel arbitration.  Plaintiffs filed an opposition to that motion, but then dismissed their case before the court issued a ruling.

Less than two weeks later, Plaintiffs filed the present case in this Court against Defendant only alleging claims under the Act.  Plaintiffs served Defendant, but Defendant failed to respond.  Despite Defendant's participation in the state court case, and despite having contact information for defense counsel from the state court case, Plaintiffs requested entry of Defendant's default, which the Clerk of Court granted.  Plaintiffs thereafter moved for entry of default judgment.  At the hearing on that motion, the Court ordered Plaintiffs' counsel to give notice of their motion to defense counsel from the state court case, and pending that notice, continued the hearing.  Plaintiffs' counsel gave notice, and the parties thereafter filed a joint motion to set aside Defendant's default, which the Court granted.  Defendant filed an Answer, and the case then settled at the Early Neutral Evaluation conference.

---

[1] The first five repairs were performed at Land Rover San Diego, and the sixth repair was performed at Land Rover Carlsbad.

Pursuant to the Settlement Agreement, Defendant agreed to pay Plaintiffs $145,000 in exchange for a release of all claims. Defendant also agree to pay:

> attorney fees, costs, and expenses actually and reasonably incurred in the commencement and prosecution of this action, including post-offer acceptance attorney fees, costs and expenses incurred in performing on the settlement and/or completing the case, pursuant to Civil Code section 1794(d), which may be resolved by agreement of the parties or, if the parties cannot agree, upon one properly noticed motion to the Court.

(Decl. of Richard M. Wirtz in Supp. of Mot. ("Wirtz Decl."), Ex. H at 3.) The parties were unable to agree on the amount of Plaintiffs' attorneys' fees, and the present motion followed. For the reasons discussed below, the motion is granted in part and denied in part.

# I.
# DISCUSSION

There is no dispute Plaintiffs are entitled to attorneys' fees, costs and expenses. The only dispute is the amount of the award. Plaintiffs request that the Court award them fees in the amount of $108,078.75 and costs and expenses in the amount of $2,939.36. Defendant asserts the Court should award Plaintiffs no more than $20,457.50.

"Courts in California and across the Ninth Circuit use the 'lodestar method' to calculate attorneys' fees." *In re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litig.*, No. 18-ML-02814 AB (FFMx), 2020 WL 4720043, at *1 (C.D. Cal. Aug. 13, 2020) (citing Ketchum, 24 Cal. 4th at 1132). "The lodestar figure is 'calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* (quoting *Candle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000)). "The fee applicant bears the burden of substantiating the hours worked and the rates claimed." *Id.* (citing *Hensley v. Eckhart*, 461 U.S. 424, 437 (1933)).

Here, Plaintiffs have submitted an itemized billing statement that sets out descriptions of the work performed on their case, the dates that work was performed, the number of hours spent on each task, who performed the work, and their respective hourly

rates.  (*See* Wirtz Decl., Ex. A.)  Plaintiffs have also submitted evidence to support the reasonableness of the requested hourly rates.  (Wirtz Decl., Ex. E.)

Defendant disputes the reasonableness of both the hours worked and the hourly rates.  On the hours worked, Defendant argues generally that they are duplicative, excessive, unreasonable, and not otherwise recoverable.  Specifically, Defendant challenges hours spent in the engagement process, hours spent doing research on discovery in federal court, hours spent on a case against BMW, hours spent on post-dismissal client communication, and hours spent on Plaintiffs' motion for default and default judgment.  Defendant also asserts hours spent on the complaint are duplicative, clerical work should not be billed, it was unreasonable to have two attorneys attend the ENE, and the billing entries for client communication are vague.  On the requested hourly rates, Defendant contends they, too, are unreasonable, and the Court should instead use a blended rate of $350 for all attorneys and $175 for all paralegals.

On the hourly rates, the Court finds Plaintiffs have established they are reasonable.  Specifically, Mr. Wirtz has attached a list of cases in which the San Diego Superior Court approved the same or similar rates as those requested in this case.  The cases Defendant cites in support of its request for blended rates are unpersuasive as they are three and four years old and from outside of this forum.

On the hours spent on the case, the Court finds Defendant has not met its burden to show that the hours spent in the engagement process and the hours spent on client communication were unreasonable.  Nor has Defendant shown that the hours spent on the complaint were duplicative.  Indeed, Plaintiffs' counsel did not include the hours spent on the state court complaint in their request for fees.  (*See* Wirtz Decl., Ex. A at 1-2.)  Defendant has also not shown that any of the hours expended on so-called "clerical work" were unreasonable.

Defendant's other arguments, however, are well-taken.  Specifically, time spent reviewing this Court's Local Rules, (*id.* at 9), time spent researching the Federal Rules of Civil Procedure, (*id.* at 10), and time spent apparently on other cases, (*id.* at 17 (entry

regarding McKenna BMW), 19 (entry regarding private investigator and prior owner), 28 (entry regarding summary judgment motion)), is not reasonably charged to this case. The Court also finds it was unreasonable to have two senior attorneys attend the ENE. Finally, the Court agrees with Defendant that the time spent entering Defendant's default and attempting to enter a default judgment was not reasonable. Although Plaintiffs properly served Defendant's agent for service of process, and were entitled to request entry of default when Defendant failed to respond, the procedural history of this case clearly shows Defendant intended to defend this case. Indeed, Defendant did just that while the case was pending in state court. Plaintiffs knew the identity of Defendant's counsel from the state court proceeding, and had their contact information. Plaintiffs' counsel could have reached out to defense counsel to inquire about Defendant's response in this case, but they did not. To be sure, Plaintiffs' counsel was under no legal obligation to do this, but given the history of the case, and as a matter of common courtesy, a simple phone call to Defendant's counsel in the state court case could have avoided the need for the request for entry of default and the request for entry of default judgment. Under these circumstances, the hours spent on these tasks was not reasonable.

In light of the adjustments above, the lodestar is $45,912.50.[2] This amount is presumed to be reasonable, *Ford*, 2020 WL 4720043, at *1 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)), and is in line with fee requests in other Song-Beverly cases. *See Dong v. BMW of North America, LLC*, Case No. 19cv2202 DMS (BGS); *Kent v. BMW of North America, LLC*, Case No. 20cv2308 DMS (MSB).[3]

---

[2] This amount does not include the additional fees requested for Plaintiffs' response to the Court's May 24, 2023 Order to Show Cause ("OSC"). The information provided there should have been included in Plaintiffs' Complaint, which would have obviated the need for the OSC.

[3] The *Dong* case was litigated for two years, and in addition to the usual pleading and discovery work, involved a motion to compel arbitration, a motion for summary judgment, trial preparation, and a motion for reconsideration before the case settled. The fee request in that case was $220,431.14. The *Kent* case was litigated for nine months, involved no

Plaintiffs, however, ask the Court to apply a multiplier of 1.5 to the lodestar. Courts may apply a multiplier to increase the lodestar after considering "'the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented.'" *Self v. FCA US LLC*, No. 1:17-cv-01107-SKO, 2019 WL 1994459, at *11 (E.D. Cal. May 6, 2019) (quoting *Lafitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 504 (2016)). Here, Plaintiffs rely solely on the contingent nature of the case to support their request for a multiplier. However,

> Song-Beverly litigation is not true contingent litigation. In true contingent litigation, an attorney's fee is awarded as a percentage of the plaintiff's recovery. In Song-Beverly cases, … the attorney's fee award is tethered to the fees actually and reasonably incurred, with no regard whatsoever for the total amount recovered by the buyer.

*Pacheco v. Ford Motor Co.*, No. 2:18-cv-09006-ODW (ASx), 2022 WL 845108, at *6 (C.D. Cal. Mar. 22, 2022). As the *Pacheco* court stated, Song-Beverly attorneys certainly "assume the risk of receiving no recovery at all, but that risk is hedged somewhat by the Song-Beverly Act's lodestar-based attorneys' fee provision, which allows for fee awards that are in some cases many times greater than the plaintiff's damages." *Id.* This Court finds this reasoning persuasive, and like the *Pacheco* court, declines to award a positive multiplier.

The only other issue is the amount of costs, and on that issue, there is no dispute. Plaintiffs have submitted evidence they incurred costs in the amount of $2,939.36, which Defendant does not dispute.

## II.
## CONCLUSION

For the reasons set out above, the Court grants in part and denies in part Plaintiffs' motion for attorney's fees, costs, and expenses. Specifically, the Court awards Plaintiffs

---

motion work, and settled at the Early Neutral Evaluation Conference. The fee request in that case was $32,467.30.

attorneys' fees in the amount of $45,912.50, and costs and expenses in the amount of $2,939.36.

**IT IS SO ORDERED**.

Dated:  June 12, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court